UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ANTHONY HOLBROOK, Individually and On Behalf of :
All Others Similarly Situated, :
:
:
Plaintiff, :   17 Civ. 08348 (NRB)
v. :
:   **ORAL ARGUMENT**
:   **REQUESTED**
TRIVAGO N.V., ROLF SCHRÖMGENS, AXEL HEFER, :
NATIONAL CORPORATE RESEARCH, LTD., J.P. :
MORGAN SECURITIES, LLC, GOLDMAN, SACHS & :
CO., MORGAN STANLEY & CO. LLC, ALLEN & :
COMPANY LLC, MERRILL LYNCH, PIERCE, :
FENNER & SMITH INCORPORATED, CITIGROUP :
GLOBAL MARKETS INC., DEUTSCHE BANK :
SECURITIES INC., COWEN AND COMPANY, LLC, :
and GUGGENHEIM SECURITIES, LLC, :
:
Defendants. :
------------------------------------------------------------------------X

# THE UNDERWRITER DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

## **TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| ARGUMENT | | 2 |
| I. | Plaintiff Cannot Rely On Item 303 To Plead A Section 11 Claim Against The Underwriter Defendants | 2 |
| II. | The Registration Statement Did Not Contain Any Materially Misleading Statements | 3 |
| CONCLUSION | | 5 |

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

**Statutes**

Section 11 of the Securities Act of 1933 ........................................................................... 1, 2, 3, 5

Section 15 of the Securities Act of 1933 ....................................................................................... 1

Section 10(b) of the Securities Exchange Act of 1934 .................................................................. 1

Section 20(a) of the Securities Exchange Act of 1934 .................................................................. 1

**Rules**

17 C.F.R. § 229.303(a)(3)(ii) ............................................................................................... 1, 2, 3

The Underwriter Defendants[1] respectfully submit this memorandum of law in support of their motion to dismiss the Consolidated Amended Class Action Complaint (the "CAC").

## PRELIMINARY STATEMENT

Defendant trivago N.V. ("trivago" or the "Company") is a German online hotel booking company that conducted an initial public offering ("IPO") of American Depository Shares in December 2016.[2] The CAC alleges that "near the time of the IPO" (CAC ¶ 3), trivago made an algorithm change to its hotel search platform which Plaintiff labels the "relevance assessment." According to the CAC, the relevance assessment was intended to encourage the Company's advertisers, notably Priceline, to maintain certain quality standards on the "landing pages" of their websites. CAC ¶¶ 12-13. Plaintiff alleges that the relevance assessment initially increased the Company's revenues, but, in the second half of 2017, revenues declined. CAC ¶¶ 15-16.

The CAC asserts claims under Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. The Section 11 claim is the only claim asserted against the Underwriter Defendants. CAC ¶ 119. Plaintiff alleges that the Registration Statement was materially misleading because it did not disclose the relevance assessment and alleged problems with landing pages on Priceline's website. CAC ¶ 106. Plaintiff's Section 11 claim hinges entirely on the argument that the failure to disclose the allegedly omitted information violated Item 303 of Regulation S-K and thereby rendered statements made in the Registration Statement materially misleading. CAC ¶¶ 106-18.

---

[1] "Underwriter Defendants" refers to J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Allen & Company LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Deutsche Bank Securities Inc., Cowen and Company, LLC, and Guggenheim Securities, LLC.

[2] In connection with the IPO, trivago filed with the SEC a Form F-1 on November 14, 2016, an amended Form F-1 on December 5, 2016, a Form F-6 on December 6, 2016, and a prospectus on December 16, 2016 (collectively, the "Registration Statement"). CAC ¶ 106.

`

1

The Section 11 claim fails for at least two reasons.[3]  First, contrary to Plaintiff's assertion in the CAC, Item 303 does *not* require issuers to speculate about future financial performance. Second, even if Item 303 were applicable here, the CAC does not identify any statements in the Registration Statement that were rendered materially misleading by the alleged omissions.

## ARGUMENT

To survive a motion to dismiss, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  The facts alleged must be such that the claim to relief is "plausible on its face." *Id*. at 570.  The CAC does not meet this standard.

**I.  Plaintiff Cannot Rely On Item 303 To Plead A Section 11 Claim Against The Underwriter Defendants**

To state a claim under Section 11, a plaintiff must sufficiently plead that the defendant had "an affirmative duty to disclose the information but fail[ed] to do so." *In re Jumei Int'l Holding Ltd. Sec. Litig.*, No. 14CV9826, 2017 WL 95176, at *2 (S.D.N.Y. Jan. 10, 2017).  The CAC relies exclusively on Item 303 for the legal duty that purportedly required the Registration Statement to disclose the relevance assessment and related matters involving Priceline. *See* CAC ¶¶ 107-10.  Item 303, however, by its express terms, only requires disclosure of "*known*" trends, uncertainties, or events that "have had or that the registrant reasonably expects will have" a *material* effect on its net sales, revenues, or income.  17 C.F.R. § 229.303(a)(3)(ii) (emphasis added).

Item 303 is not applicable here.  As this Court has noted, Item 303 requires "*actual knowledge* of the relevant trend or uncertainty." *In re BHP Billiton Ltd. Sec. Litig.*, 276 F. Supp.

---

[3]  The Underwriter Defendants also join and incorporate by reference the portions of the Company's Memorandum of Law in Support of its Motion to Dismiss (the "Company Motion") relevant to the Section 11 claim.
`

2

3d 65, 88 (S.D.N.Y. 2017) (Buchwald J.) (emphasis added).  The CAC, however, does not plead that the relevance assessment was actually known when the Registration Statement became effective.  Rather, Plaintiff alleges that the relevance assessment was introduced by the Company "at the time of (or shortly *after*) the IPO."  CAC at 15 (emphasis added).

Moreover, the CAC does not contain factual allegations that suggest there was a "substantial probability" at the time of the IPO that the relevance assessment and related matters would materially impact trivago's performance.  *In re BHP Billiton Ltd. Sec. Litig.*, 276 F. Supp. 3d at 88.  Instead, the CAC impermissibly relies on the Company's post-IPO financial performance and disclosures to argue that material information was omitted from the Registration Statement.  *See* CAC ¶¶ 70-74, 115-116; *Scott v. General Motors Co.*, 46 F. Supp. 3d 387, 394 (S.D.N.Y. 2014) ("A plaintiff may not . . . state viable Section 11 claims by relying solely on hindsight to prove a misstatement.").  Item 303 does not, as Plaintiff seems to suggest, require defendants to speculate about the future financial impact of a company policy.  *See Lopez v. Ctpartners Exec. Search Inc.*, 173 F. Supp. 3d 12, 34 (S.D.N.Y. 2016) (dismissing claims that Item 303 required the defendants to disclose a potential future scenario because "[e]xcept with the benefit of hindsight, that scenario was speculative and conjectural").

Defendants did not have a duty under Item 303, or otherwise, to disclose the allegedly omitted information and therefore Plaintiff's Section 11 claim must be dismissed.

**II.    The Registration Statement Did Not Contain Any Materially Misleading Statements**

The Section 11 claim also fails because the alleged omissions concerning the relevance assessment (and the issues with Priceline that purportedly prompted the implementation of it) did not render the Registration Statement materially misleading.

The CAC criticizes three statements in the Registration Statement:

`

1. trivago's statement that "[p]ricing is determined through a competitive bidding process whereby advertisers bid on their placement priority for a specific hotel offer within each room listing" should have disclosed an "additional penalty imposed by the relevance assessment" CAC ¶¶ 111-112;

2. trivago's description of its bidding process should have disclosed "the introduction of the relevance assessment, which charged advertisers with bad scores (including Priceline) a premium" CAC ¶¶ 113-114; and

3. trivago's warning that it "may not be able to maintain our historical growth rates in future periods" should have disclosed "the implementation (or impending implementation) of the relevance assessment" CAC ¶¶ 115-116.

But even if the relevance assessment existed at the time of the IPO, Plaintiff has not sufficiently pled that these statements about the Company's pricing policies and bidding process were false or misleading on the date the Registration Statement became effective. *See In re Ziff–Davis Inc. Sec. Litig.*, No. 98 Civ 75158 SWK, 2000 WL 877006, at *2 (S.D.N.Y. June 30, 2000); Company Motion at 13-16. Indeed, the CAC itself concedes that even after the relevance assessment was in place, advertisers continued to bid for priority on the Company's hotel platform. *See, e.g.*, CAC ¶ 64.

Similarly, a non-exclusive list of factors that might negatively impact the Company's ability to maintain historical growth rates in future periods provided in the Registration Statement was not rendered false and misleading because it did not include the relevance assessment. *See City of Taylor Gen. Emps. Ret. Sys. v. Magna Int'l, Inc.*, 967 F. Supp. 2d 771, 792-93 (S.D.N.Y. 2013) (Buchwald, J.) (rejecting argument that defendants misled investors by "consistently cit[ing] a raft of [other] issues that impacted the European business, without addressing [another issue] that posed the greatest threat" because "Plaintiff d[id] not deny that other problems existed"). This warning about the Company's future growth also is not actionable because it is a forward-looking statement that was accompanied by meaningful cautionary language in the Registration Statement. *See* Company Motion at 14.

`

**CONCLUSION**

For the foregoing reasons and the reasons set forth in the Company's Motion to Dismiss, the Section 11 claim asserted against the Underwriter Defendants should be dismissed with prejudice for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Dated: New York, New York
May 14, 2018

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By:   /s/ Peter E. Kazanoff

Peter E. Kazanoff
Sara A. Ricciardi
425 Lexington Ave
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Underwriter Defendants*

`