UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

| | |
|---|---|
| ANTHONY HOLBROOK, Individually and On Behalf of All Others Similarly Situated, | 17 Civ. 08348 (NRB) |
| Plaintiff, | **ORAL ARGUMENT REQUESTED** |
| v. | |
| TRIVAGO N.V., ROLF SCHRÖMGENS, AXEL HEFER, NATIONAL CORPORATE RESEARCH, LTD., J.P. MORGAN SECURITIES, LLC, GOLDMAN, SACHS & CO., MORGAN STANLEY & CO. LLC, ALLEN & COMPANY LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., COWEN AND COMPANY, LLC, and GUGGENHEIM SECURITIES, LLC, | |
| Defendants. | |

-----------------------------------------------------------------------X

**DEFENDANT NATIONAL CORPORATE RESEARCH, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

Dated: August 22, 2018

K&L GATES LLP
599 Lexington Avenue
New York, NY 10022
Phone: 212-536-3900
*Attorneys for Defendant*
*National Corporate Research, Ltd. (n/k/a Cogency Global Inc.)*

1

# INTRODUCTION

The Consolidated Amended Class Action Complaint ("CAC") should be dismissed, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), in its entirety as against Defendant National Corporate Research, Ltd. ("NCR")[1], for two reasons:

1. Plaintiffs' June 27, 2018 service of the CAC alone, with no summons attached, was defective, and Plaintiffs' July 5, 2018 service of a summons, with no complaint attached, was both defective and untimely because the 90-day timeframe to serve NCR had lapsed. Plaintiffs have offered no good cause for their defective and untimely service.

2. The Section 11 claim—the only claim asserted against NCR in its capacity as a duly authorized representative of trivago—fails for all of the reasons set forth by the other defendants in their pending motions to dismiss.

# STATEMENT OF FACTS

## I. The CAC

The CAC purports to assert claims under Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, related to allegedly materially misleading statements and/or omissions in filings (collectively, the "Registration Statement") made by Defendant trivago N.V. ("trivago") in connection with trivago's December 2016 initial public offering. *See generally* CAC (ECF Dkt. #26).

Only the Section 11 claim is asserted against NCR. *See* CAC ¶¶ 198–206. And the CAC includes only a single factual allegation related to NCR: that NCR "was the authorized United States representative of trivago, and signed, through its agent, Colleen A. DeVries ("DeVries"), the Form F-6 registration statement, which forms part of the Registration Statement." CAC ¶ 32; *see also* ¶ 56 (DeVries "signed the Form F-6 on behalf of National Corporate Research, Ltd., the 'authorized representative in the United States.'"). The CAC includes no allegation that NCR is itself responsible for any materially misleading statements and/or omissions or that NCR did

---

[1] NCR is now known as Cogency Global Inc.

1

anything other than to sign the Form F-6 registration statement as authorized U.S. representative of trivago, a German company.

## II.     Procedural History

The original Class Action Complaint filed on October 30, 2017 (ECF Dkt. #1) named only Defendant trivago and two individual Defendants.  On November 7, 2017, a related action was filed naming the Underwriter Defendants.  And, on March 30, 2018, the CAC was filed, adding NCR as well as the Underwriter Defendants[2] for the first time. On March 30, 2018, the CAC was filed, adding NCR for the first time.  No attempt was made to serve NCR until June 27, 2018, one day before the expiration of the 90-day timeframe to complete service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

In the meantime, on May 14, 2018, trivago (ECF Dkt. #42) and the Underwriter Defendants (ECF Dkt. #46) had moved to dismiss the CAC.  On June 28, 2018, Plaintiffs filed papers in opposition to those motions (ECF Dkt. ##51–53).  And on July 27, 2018, trivago (ECF Dkt. #57) and the Underwriter Defendants (ECF Dkt. #58) filed reply papers.

On June 27, 2018, after trivago and the Underwriter Defendants had moved to dismiss, and just before Plaintiffs filed their papers in opposition, NCR was served with a copy of the CAC, but no summons.  *See* Proof of Service of Summons and Complaint (ECF Dkt. #54), at 4. Also on June 27, 2018—one day before the deadline—Plaintiffs filed a request for this Court to issue a summons, while offering no explanation for the 89-day delay.  *See* Request for Issuance of Summons (ECF Dkt. #49).  The next day, June 28, 2018, the Clerk of Court stamped and issued the requested summons (ECF Dkt. #50).  That same day, Plaintiffs' deadline to serve NCR lapsed.  Finally, one week later—on July 5, 2018—NCR was served with the Summons,

---

[2] "Underwriter Defendants" refers collectively to Defendants J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Allen & Company LLC, Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Deutsche Bank Securities Inc., Cowen and Company, LLC, and Guggenheim Securities, LLC.

but no CAC.  *See* Proof of Service of Summons and Complaint (ECF Dkt. #54), at 3.  To date, Plaintiffs have not served NCR with a summons and CAC together.  Plaintiffs have likewise filed no request seeking an extension of time to serve NCR, or providing good cause for these delays, or explaining why NCR has never been served with a summons and CAC together.

## ARGUMENT

Plaintiffs' own filings make clear that Plaintiffs' attempts to serve NCR were both deficient and untimely, mandating dismissal.  Furthermore, the CAC fails to state a plausible Section 11 claim against NCR for all of the reasons set forth by trivago and the Underwriter Defendants in their pending motions to dismiss, which NCR joins and incorporates by reference here.

### I. Service was both defective and untimely, mandating dismissal of the CAC as against NCR.

On a motion to dismiss for insufficient service of process pursuant to Federal Rule 12(b)(5), "the plaintiff bears the burden of establishing that service was sufficient." *Clermont v. Intra-Op Monitoring Svcs., LLC*, No. 16-cv-6037, 2017 WL 2239564, at *3 (S.D.N.Y. Mar. 29, 2017) (citations omitted).  "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m).  While a court may exercise its discretion to grant an extension of time to complete service, a request for an extension should be denied where a plaintiff "was neither a *pro se* litigant nor incarcerated . . . made no effort to show good cause for her failure and never requested an extension of time" to complete service.  *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006).

Furthermore, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).  "Service of process in the federal system requires service of a summons, in the

3

manner prescribed in Rule 4, together with a copy of the complaint." *OSRecovery, Inc. v. One Group Int'l, Inc.*, 234 F.R.D. 59, 60 (S.D.N.Y. 2005) (service of complaint without summons is ineffective); *see also DeLuca v. AccessIt Group, Inc.*, 695 F. Supp. 2d 54, 66–67 (S.D.N.Y. 2010) (same); *Macaluso v. New York State Dep't of Env. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) (service of summons without complaint is ineffective).

Plaintiffs' only attempt to serve NCR before the June 28, 2018 deadline was plainly ineffective, because a summons was not included. Plaintiff's subsequent July 5, 2018 attempt was untimely, because it was after the deadline, and it was also ineffective, because no complaint was included with the summons. And to this day, Plaintiffs have not made effective service by providing a copy of the CAC together with a summons as required by Rule 4(c)(1).

At this point—nearly five months after the CAC was filed, and now that the other defendants' motions to dismiss are fully briefed—there can be no good cause for an extension of Plaintiffs' time to serve NCR. After all, "good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control. Attorney error or inadvertence does not constitute good cause." *OSRecovery*, 234 F.R.D. at 61 (quotations omitted). As a result, the CAC should be dismissed as against NCR.

II.   **The CAC fails to state a claim against NCR.**

NCR hereby joins and incorporates by reference the portions of trivago and the Underwriter Defendants' motions to dismiss that address Plaintiffs' Section 11 claim—the only claim asserted against NCR. For the reasons set forth in trivago's opening memorandum of law (ECF Dkt. #44) and reply memorandum of law (ECF Dkt. #57) and in the Underwriter Defendants' opening memorandum of law (ECF Dkt. #47), Plaintiffs' Section 11 claim should be dismissed as against NCR.

## **CONCLUSION**

For these reasons and those set forth in trivago's and the Underwriter Defendants' motions to dismiss the Section 11 claim, the CAC should be dismissed, pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), in its entirety and with prejudice as against NCR.

Dated: August 22, 2018                    /s/ Joanna A. Diakos

Joanna A. Diakos
Anthony P. Badaracco

**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022
Phone: 212-536-3900
joanna.diakoskordalis@klgates.com
anthony.badaracco@klgates.com
*Attorneys for Defendant*
*National Corporate Research, Ltd. (n/k/a Cogency Global Inc.)*